**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5367-17T2

JOSEPH F. HORNICK,

     Petitioner-Appellant,

v.

BOARD  OF TRUSTEES, POLICE
AND  FIREMEN'S RETIREMENT
SYSTEM,

     Respondent-Respondent.

_____

Submitted May 20, 2020 – Decided June 3, 2020

Before Judges Haas and Mayer.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-57326.

Richard George Huizenga, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Robert E. Kelly, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Joseph F. Hornick appeals from the June 12, 2018 final administrative decision of the Board of Trustees of the Police and Firemen's Retirement System (the Board) denying his application for deferred retirement benefits.  We affirm.

The procedural history and facts of this matter are fully set forth in the Board's detailed written decision and, therefore, only a brief summary is necessary here.  On April 1, 1987, Hornick enrolled in the Police and Firemen's Retirement System (PFRS) after he was hired by the City of Long Branch as a firefighter.  On March 5, 1996, Long Branch terminated Hornick from this position for conduct unbecoming a public employee and neglect of duty.  Specifically, Long Branch asserted that Hornick failed to respond in a timely manner "with assigned fire apparatus to a fire on November 21, 1995"; slept "through dispatch of a call to respond to a fire on December 3, 1995"; and exhibited "a pattern of neglect evidence[d] by similar conduct."  At the time of his termination, Hornick had accrued eight years, eleven months of PFRS service credit.

Hornick appealed his termination and, on June 15, 2001, the Merit System Board (MSB) upheld the charges, but modified Hornick's penalty to a sixty-day suspension and ordered Long Branch to award Hornick back pay.  Long Branch

2

filed a notice of appeal to this court, and Hornick filed a cross-appeal. In an unpublished decision, we reversed the MSB's decision and remanded the matter for reconsideration of the penalty. In re Hornick (Hornick I), No. A-5860-00 (App. Div. July 11, 2003).

On remand, the MSB reversed its earlier determination, and found that Hornick's removal as a firefighter, effective March 5, 1996, was warranted. We thereafter affirmed the MSB's determination, and the Supreme Court denied certification. In re Hornick (Hornick II), No. A-1592-03 (App. Div. June 8, 2005), certif. denied, 185 N.J. 266 (2005). In so ruling, we adopted the MSB's determination that Hornick's "complete and utter disregard of the safety of the public he was sworn to serve show[ed] a blatant disregard for the most basic responsibilities of a firefighter." Hornick II, (slip op. at 4).

On September 23, 2015, Hornick filed an application with the Division of Pensions (the Division) for a deferred retirement allowance to become effective on September 1, 2016 after Hornick reached age fifty-five. However, Hornick was clearly not eligible for a deferred retirement under N.J.S.A. 43:16A-11.2, which states:

> Should a member, after having established [ten] years of creditable service, be separated voluntarily or involuntarily from the service, before reaching age [fifty-five], and not by removal for cause on charges of

misconduct or delinquency, such person may elect to receive . . . a deferred retirement allowance, beginning on the first day of the month following his attainment of age [fifty-five] and the filing of an application therefor[.]

[(emphasis added).]

As discussed above, Hornick had been removed from his position as a firefighter for cause on charges of misconduct and, therefore, he was not eligible for a deferred retirement. In addition, on the effective date of his removal, March 5, 1996, Hornick only had eight years, eleven months of PFRS service credit, well short of the ten years required by N.J.S.A. 43:16A-11.2.

Hornick did not include any information concerning his removal from employment in his retirement application. Long Branch submitted a certification stating that Hornick had been dismissed from employment, but did not provide the Division with "any documentation to support that administrative charges had been filed and sustained" against him. The Division also incorrectly determined that Hornick had accrued sixteen years, three months of creditable PFRS service between his enrollment on April 1, 1987 and October 1, 2003, when Long Branch indicated Hornick left its employ.

As a result, the Board incorrectly approved Hornick's retirement application on January 9, 2017. The next day, however, the Division recognized

4

the Board's error after the Civil Service Commission and the New Jersey Office of the Attorney General provided the Division with copies of our decision affirming Hornick's removal from employment effective March 5, 1996.

After receiving this information, the Division sent a letter to Hornick on January 10, 2017, advising him that "he was improperly awarded PFRS service credit because his reinstatement and back pay award was overturned as a result of the Appellate Division's decision." The Division performed an audit of Hornick's PFRS account, and determined that he only had eight years, eleven months of creditable service, well below the ten years needed to qualify for a deferred retirement allowance under N.J.S.A. 43:16A-11.2. Just as importantly, regardless of the years of service credit he had accrued, Hornick was still barred from receiving a deferred retirement because he was removed from his firefighter position on misconduct charges. Ibid. Accordingly, the Division referred the matter to the Board for reconsideration of its earlier decision.[1]

On March 12, 2018, the Board reconsidered its January 9, 2017 decision, and denied Hornick's application because he had been removed from

---

[1] Hornick filed an action in the Law Division seeking declaratory relief concerning his entitlement to a deferred retirement allowance. However, the parties agreed to return the matter to the Board for consideration pursuant to a consent order.

A-5367-17T2

employment on charges of misconduct, and lacked the ten years of creditable service necessary to qualify for a deferred retirement allowance under N.J.S.A. 43:16A-11.2. Hornick thereafter asked that the matter be transferred to the Office of Administrative Law for a hearing. In its June 12, 2018 final decision, the Board rejected this request because none of the material facts were in dispute and, therefore, the "Board was able to reach its findings of fact and conclusions of law in this matter on the basis of the retirement system's enabling statutes and without the need for an administrative hearing." This appeal followed.

On appeal, Hornick contends that the Board erred in denying his application for a deferred retirement allowance without conducting an evidentiary hearing. We disagree.

Our review of a final agency decision is limited. Stein v. Dep't of Law & Pub. Safety, 458 N.J. Super. 91, 99 (App. Div. 2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). We will affirm an agency's final action unless the decision is arbitrary, capricious, unreasonable, or lacks fair support in the record as a whole. J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017) (quoting In re Hermann, 192 N.J. 19, 27-28 (2007)). A strong presumption of reasonableness attaches to final agency decisions. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)).

Moreover, a court is "oblig[ated] to give due deference to the view of those charged with the responsibility of implementing legislative programs."  In re Reallocation of Prob. Officer, 441 N.J. Super. 434, 444 (App. Div. 2015) (quoting In re N.J. Pinelands Comm'n Resol. PC4-00-89, 356 N.J. Super. 363, 372 (App. Div. 2003)).

We have considered Hornick's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(D) and (E).  We affirm substantially for the reasons expressed by the Board in its well-reasoned June 12, 2018 written discussion.  We add the following brief comments.

As the Board correctly found, Hornick was not entitled to a deferred retirement allowance because he was "separated [from his employment as a firefighter] by removal for cause on charges of misconduct" within the intendment of N.J.S.A. 43:16A-11.2.  In addition, Hornick only had eight years, eleven months of creditable PFRS service credit when his termination became effective.  Thus, he plainly did not have the required ten years of meritorious service needed to establish an entitlement to a deferred retirement under N.J.S.A. 43:16A-11.2.

A-5367-17T2

The facts establishing Hornick's ineligibility for retirement benefits were undisputed. Because "[a]n evidentiary hearing is mandated only when the proposed administrative action is based on disputed adjudicatory facts[,]" Hornick was not entitled to a hearing on the question of his eligibility to apply for benefits. In re Xanadu Project at Meadowlands Complex, 415 N.J. Super. 179, 203 (App. Div. 2010) (quoting In re Farmers Mut. Fire Assurance Ass'n of N.J., 256 N.J. Super. 607, 618 (App. Div. 1992)).

Finally, Hornick's assertion that the Board was powerless to correct the mistake it made when it initially granted a deferred retirement allowance to him also clearly lacks merit. N.J.S.A. 43:16A-18 specifically states:

> Should any change or error in the records result in any member or person receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the retirement system shall correct such error, and as far as practicable, shall adjust the payments in such manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid.

Here, the Board approved Hornick's application after he failed to disclose that he had been terminated from his position for misconduct. The very next day, the Division recognized the error, provided written notice to Hornick of the Board's mistake, conducted an audit of Hornick's account, and began the process of having the Board reconsider its determination. Thus, the Board's and the

Division's actions were fully authorized by N.J.S.A. 43:16A-18, and we reject Hornick's argument to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION